UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANDRE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-103 |
| | ) | |
| LANIER COLLECTION | ) | |
| AGENCY AND SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Andre Harris filed a Complaint alleging that defendant Lanier Collection Agency and Services ("Lanier") violated the Fair Debt Collection Practices Act. *See generally* doc. 1. He was denied leave to proceed *in forma pauperis*, doc. 5, and paid the filing fee, *see* docket entry dated May 30, 2023. He has now submitted a document, in the nature of correspondence addressed to the District Judge, but notarized and requesting default judgment. *See* doc. 7. He has also filed a more explicit Motion for Default Judgment. Doc. 8. As explained below, that Motion should be **DENIED**. Doc. 8.

First, Harris' presentation of his filings as letters addressed to the District Judge is improper. *See In re Unsolicited Letters to Federal*

*Judges*, 120 F. Supp.2d 1073, 1074 (S.D. Ga. 2000) ("Put another way, if a litigant seeks judicial action of any sort . . ., it must be contained within a motion arising from a properly filed lawsuit. It cannot be requested in a personal letter to a judge." (emphasis omitted)); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Unlike letters, which often lack clarity and can be easily mischaracterized, motions articulate—ideally, in a clear and direct manner—what is sought from the court and the factual and legal basis for such request. Despite the formal impropriety, the Court will reconstrue Harris' filings and address their substance. *See Retic v. United States*, 215 Fed. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." (quoting *Castro v. United States*, 540 U.S. 375, 381 (2003)); *Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (The Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis.").

Harris' first letter requests that "[a] default [j]udgment be entered against the Defendant, Lanier Collection Agency, in favor of the Plaintiff . . . ." Doc. 7 at 1. His Motion similarly requests a "[d]efault [j]udgment." Doc. 8 at 1. As this Court has explained, "it is well established that there is a two step procedure for obtaining a default judgment." *Progressive Mountain Ins. Co. v. Numbers Enters., LLC*, 2020 WL 8254282, at *1 (S.D. Ga. Dec. 8, 2020) (internal quotation marks and citations omitted). A party must first seek a clerk's entry of default, under Federal Rule 55(a), and *then* seek a default judgment, under Federal Rule 55(b). *Id.* Since Harris has neither sought nor received a clerk's entry of default under Rule 55(a), any request for a default judgment, under Rule 55(b), is premature. Construed as a Motion for Default Judgment, therefore, Harris' Motion should be **DENIED**. Doc. 8.

The Court might, stretching the limits of charity, ignore the relief he requests and construe Harris' submissions as a request for a clerk's entry of default. Such a request requires that the defaulted party's failure to file a responsive pleading be "shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Although not formally cast as an affidavit, the letter does bear the heading "Affidavit," and it is notarized. Doc. 7 at 1. Even

construed as a request for a clerk's entry of default, however, Harris' submission would be denied. *See, e.g., Carswell v. Whittle*, 2012 WL 6084649, at *1 (S.D. Ga. Oct. 24, 2012) (citing, *inter alia.*, *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) ("[W]here, as here, the plaintiffs cannot make such a showing, because it appears from the record that they have never properly served the defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper.")). As explained below, Harris' assertion that he "served the Defendant with the summons and complaint via certified mail," doc. 7 at 1; *see also* doc. 8 at 1 ("Despite being served . . . via certified mail with proper notice and adequate time to respond," Lanier has not filed a responsive pleading), is both belied by the record and legally mistaken.

First, there is no record that the Clerk has issued any summons in this case. *See generally* docket. The Federal Rules of Civil Procedure are absolutely clear that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). As the Eleventh Circuit has recently explained, service was ineffective where the plaintiff "neglected to attach

a summons to his complaint." *Albert v. Discover Bank*, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022) (citing Fed. R. Civ. P. 4(c)(1)). To the extent that Harris contends that delivery of the complaints alone, which doubtless provided actual notice of the suits, obviated the need for service of a summons, he is also mistaken. *See, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service." (citation omitted)). "If . . . the plaintiff has failed to properly serve the defendants with process, the plaintiff is not entitled to the entry of a default despite the defendant's failure to timely respond." Asskia v. Nelson, 2021 WL 6063960, at *1 (N.D. Ga. Dec. 22, 2021) (collecting cases); *Zaldivar v. D. Ray James Corr. Facility*, 2020 WL 8254491, at *3 (S.D. Ga. Dec. 31, 2020), *adopted* 2021 WL 217142 (S.D. Ga. Jan. 21, 2021) ("[B]ecause Defendants have not been served, . . . it is impossible that Defendants 'failed to plead or otherwise defend' themselves." (citations omitted)). Accordingly, Harris' request for a clerk's entry of default could be denied because he has not shown sufficient process.

Second, even if the Court fully credited Harris' assertion that he served a summons with the Complaint, despite the absence of any record

5

that a summons was issued, his assertion that process was served "via certified mail," would preclude entry of a default. The Federal Rules of Civil Procedure do not authorize service upon corporations or entities by certified mail. *See* Fed. R. Civ. P. 4(h)(1)(B); *see also, e.g., Thorpe v. Dumas*, 788 F. App'x 644, 648 (11th Cir. 2019) ("Service by certified mail generally does not constitute 'delivery' under subsections of Rule 4," and collecting cases); *Moore v. PNC Morg., N.A.*, 2015 WL 1931403, at *1 (S.D. Ga. Apr. 28, 2015) (citing *Dyer v. Wal-Mart Stores, Inc.,* 318 F. App'x 843, 844 (11th Cir. 2009)) ("The Eleventh Circuit has held that Rule 4(h) requires personal service on an agent of a corporation to properly perfect service." (internal quotations omitted)). The Rule also permits service "in the manner prescribed by Rule 4(e)(1)." Fed R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) permits plaintiffs to effect service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." *Id.* Harris' Complaint provides a Savannah, Georgia address for Lanier, doc. 1 at 2, and Harris does not indicate where he sent the process by certified mail, *see* doc. 7 at 1-2. The Court infers, therefore, that Georgia law would apply to determine the sufficiency of service by

6

certified mail. The Georgia Court of Appeals has explained that "[t]here is no provision in Georgia law which authorizes a party to serve a defendant corporation *directly* by certified or registered mail . . . ." *KMM Indus., Inc. v. Pro. Ass'n, Inc.*, 297 S.E. 2d 512, 513 (Ga. Ct. App. 1982); *see also, e.g., Cooley v. Ocwen Loan Serv., LLC*, 729 F. App'x 677, 682 (11th Cir. 2018) ("Georgia law, like the federal rules, requires in-person service and makes no provision for service by mail."). Accordingly, even assuming, contrary to the record, that Harris obtained a summons and served it, Lanier could not have been effectively served by certified mail.

The insufficiency of Harris' attempts to serve Lanier raises another issue. The Federal Rules make plaintiffs responsible for serving pleadings, *see* Fed. R. Civ. P. 4(c)(1), and they impose a ninety-day time limit to effect service, *see* Fed. R. Civ. P. 4(m). If service is not perfected within the ninety-day period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against [the unserved] defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause" for failing to perfect service within the time period, "the court must extend the time for service for an appropriate period." *Id.* Plaintiff filed his Complaint

7

on April 14, 2023. Doc. 1. The ninety-day period ran out, therefore, on July 13, 2023.

Accordingly, Harris is **DIRECTED** to respond and **SHOW CAUSE**, no later than August 8, 2023, why his claims against defendants Lanier Collection Agency should not be dismissed for his failure to timely serve them. Fed. R. Civ. P. 4(m). To the extent that Harris seeks additional time to perfect service upon defendant, or to submit proofs of service, he must request additional time or submit additional proofs no later than August 8, 2023.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 26th day of July, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA