UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANDRE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CV423-103 |
| ) | |
| LANIER COLLECTION ) | |
| AGENCY & SERVICES, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

Plaintiff Andre Harris initiated this lawsuit against Defendant Lanier Collection Agency and Services ("Lanier") vaguely alleging violation of "consumer law" and the Fair Debt Collection Practices Act, among other things. *See generally* doc. 1. Because Harris' allegations in his original Complaint failed to plead any discernable claim, the Court granted Lanier's Motion for a More Definite Statement. Doc. 25 at 2, 4-5. It directed Harris to file an Amended Complaint, *id.* at 5-6, which he did, doc. 26. The Court's prior Order expressly warned Harris that his Amended Complaint supersedes his prior pleading. Doc. 25 at 6.

1

Therefore, the Amended Complaint is the operative pleading in this case. Doc. 26.

Harris' Amended Complaint alleges that on April 23, 2018, January 2, 2019, February 14, 2019, May 29, 2019, and March 17, 2021, Lanier "engaged in unethical business practices, fraudulent activities, willful negligence, and debt parking by furnishing inaccurate information to third-party Credit Reporting Agencies ("CRA's") without conducting reasonable investigations to ensure the maximum accuracy requirement for credit reporting." Doc. 26 at 1. He asserts four claims against Lanier: "1) Allegations of Unethical Business Practices, 2) Willful Negligence, 3) Furnishing Inaccurate Information on Consumer Reports, and 4) Unauthorized Handling of Personal and Private Information." *Id.* at 6.

Harris' "Allegations of Unethical Business Practices" claim contends Lanier "engaged in unethical business practices by knowingly reporting inaccurate and misleading information to CRAs, damaging the Plaintiff[']s creditworthiness and financial well-being." Doc. 26 at 1. Harris also alleges Lanier "committed fraudulent activity by intentionally misrepresenting the status of alledged [sic] debts and engaging in debt parking, which adversely affected the Plaintiff's credit

profile." *Id.* His "Willful Negligence" claim contends Lanier "fail[ed] to exercise due diligence and care in verifying the accuracy of the information it reported to CRAs, despite its legal obligations to do so." *Id.* His claim for "Furnishing Inaccurate Information on Consumer Reports" contends Lanier "furnished inaccurate information on consumer reports, which directly impacted the Plaintiff's ability to secure credit[,] obtain favorable interest rates, and negatively affected thier [sic] financial standing." *Id.* Finally, his "Unauthorized Handling of Personal and Private Information" claim alleges Lanier negligently handled "sensitive data." *Id.* He seeks compensatory and punitive damages. *Id.* at 1, 6.

Lanier moves to dismiss Harris' Amended Complaint, arguing it fails to state a claim upon which relief can be granted. Doc. 27. Harris responded in opposition, doc. 28, Lanier replied, doc. 31, and Harris sur-replied, doc. 35. Additionally, Harris has filed a Motion for Pretrial

Conference, doc. 29, to which Lanier has responded, doc. 32. These Motions are ripe for decision.

## **Legal Standard**

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Generally, complaints by pro se plaintiffs are read more liberally than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure. *See, e.g.*, *Grew v. Hopper*, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted); *see also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x

368, 371 (11th Cir. 2005) (citation omitted) (noting that although they are construed liberally, "pro se complaints also must comply with the procedural rules that govern pleadings").

## Discussion

### 1. Allegations of Unethical Business Practices

Harris claims that Lanier engaged in "unethical business practices" by "knowingly reporting inaccurate and misleading information to CRAs" resulting in damage to his "creditworthiness and financial well-being." Doc. 26 at 1. Lanier's Motion to Dismiss construes this claim as being brought under Georgia's Fair Business Practices Act, or FBPA. Doc. 27-1 at 5-7. Although Harris' response is not entirely clear, he appears to contend the claim should instead be considered through the lens of the Fair Debt Collection Practices Act, or FDCPA. Doc. 28 at 1 ("Debt Collector are obligated to follow the rules and guidilines [sic] set forth in the FDCPA which includes treating customers fair and honestly, providing certain disclosures, and NOT engaging in unfair practices."). He does not refer at all to Georgia's FBPA; indeed, he refers not to state law, but to "federal law and Regulations" in his response. *Id.* Therefore, in its reply, Lanier argues that Harris fails to allege sufficient facts to

state a FDCPA claim, and that any FDCPA claim is time barred. Doc. 31 at 5-8. In his sur-reply, Harris states his conclusory contention that "the complaint adequately alledges [sic] facts that, if proven true would establish violations of the FDCPA; HIPAA-HITECH ACT; and WILFULL NEGLIGENCE by a debt collector." Doc. 35 at 1. Because Harris consistently references the FDCPA, the Court construes his claim as being brought pursuant to that statute.[1]

The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It also prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. In order to survive a motion to dismiss an FDCPA claim, a plaintiff must allege that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2)

---

[1] Given the vague nature of Plaintiff's Amended Complaint, even if the Court were to liberally construe his claim of "Unethical Business Practices" pursuant to any other law, the claim would still fail. The Court's prior Order pointed to the pleading standard, and warned Harris that "unadorned, the defendant-unlawfully-harmed-me" accusations would not suffice. Doc. 25 at 4. Much like his initial pleading, his Amended Complaint lacks factual allegations. Doc. 26. It is, instead, full of "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (alteration omitted). It, therefore, fails to state a claim under any theory.

the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000) (quoting *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 470 (M.D. La. 1995)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012) ("[T]o state a plausible FDCPA claim under § 1692e, a plaintiff must allege, among other things, (1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection.").

Harris' Amended Complaint fails on all three elements. First, he fails to include any allegations about the nature of the debts allegedly mis-reported by Lanier to the CRAs. *See generally* doc. 26. There is no indication from the pleading that the debt at issue is "consumer debt." *Id.* Next, Harris fails to include allegations to support his "naked assertion" that Lanier is a "debt collector." Doc. 26 at 1; *Iqbal*, 556 U.S. at 678. Rule 8 does not require Plaintiff to plead specific or precise facts for every element of a claim, but to survive Lanier's Motion to Dismiss, the Amended Complaint must include "factual content that allows the [C]ourt to draw the reasonable inference that [Lanier] is a 'debt collector'

under the FDCPA and therefore liable for the misconduct alleged." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015) (internal citation and quotations omitted).  Finally, other than identifying five dates on which Lanier engaged in allegedly "unethical business practices," Harris includes no facts to explain what, exactly, Lanier did, other than "reporting inaccurate and misleading information to CRAs."  *See* doc. 26 at 1.  He does not indicate what that inaccurate information contained, or what made it inaccurate.  *Id.*  Instead, Harris relies on the conclusory statements that Lanier's reporting was "misleading," and that, as a result, his creditworthiness was damaged. *Id.*  This is insufficient to state a claim under Rule 8.  *See Iqbal*, 556 U.S. at 678.

Even if Harris' Amended Complaint did include sufficient allegations to state a claim under the FDCPA, as Lanier points out, *see* doc. 31 at 7-8, any claim arising on the dates alleged is time barred under the applicable statute of limitations.  "An action under the FDCPA may be brought 'within one year from the date on which the violation occurs.'" *Rotkiske v. Klemm*, 589 U.S. 8, 9-10 (2019) (quoting 15 U.S.C. § 1692k(d)). The statute of limitations "begins to run on the date on which the alleged

FDCPA violation occurs, not the date on which the violation is discovered." *Id.* at 10. Harris' Amended Pleading identifies five dates on which he contends Lanier engaged in the "unethical business practices" complained of: April 23, 2018, January 2, 2019, February 14, 2019, May 29, 2019, and March 17, 2021. Doc. 26 at 1. Therefore, the statute of limitations on any FDCPA claim expired, at the latest, on March 17, 2022. *See* 15 U.S.C. § 1692k(d). Harris did not initiate this lawsuit until April 14, 2023. *See* doc. 1. Therefore, it was late by over one year. Lanier's Motion to Dismiss should, therefore, be **GRANTED, in part,** as to Harris' "Allegations of Unethical Business Practices" claim, construed as a claim arising under the FDCPA.

Harris' "Unethical Business Practices" claim also asserts that Lanier has engaged in "Fraudulent Activity." Doc. 26 at 1. The allegations are, in total:

> Lanier committed fraudulent activity by intentionally misrepresenting the status of [alleged] debts and engaging in debt parking, which adversely affected the Plaintiff's credit profile.

*Id.* Lanier construes Harris' fraud claim as arising under Georgia law, and argues he fails to allege sufficient factual content as to the necessary elements of such a claim. Doc. 27-1 at 7-9. As discussed above, it is

9

unclear whether Harris intended to bring a state law claim for fraud, or whether he intended to include his allegations of fraudulent activity as part of the construed FDCPA claim. If the allegations of intentional misrepresentations are brought pursuant to the FDCPA, which prohibits false, deceptive, or misleading representations in connection with the collection of any debt, *see* 15 U.S.C. § 1692e, the claim fails for the reasons discussed above. If, however, he intended to assert a stand-alone fraud claim, he still fails to state a claim.

To state a Georgia state law fraud claim, Harris must allege (1) a false representation by the Defendant; (2) scienter; (3) intent to induce the Plaintiff to act or refrain from acting; (4) justifiable reliance by the Plaintiff; and (5) damage to the Plaintiff. *Next Century Comms. Corp. v. Ellis*, 318 F.3d 1023, 1027 (11th Cir. 2003). Additionally, the Federal Rules of Civil Procedure impose a heightened pleading standard for fraud claims. Fed. R. Civ. P. 9(b). Under Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud." *Id.* To plead fraud with particularity, a plaintiff must allege:

> (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the

> content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

*FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011). In other words, Harris must "identify[ ] the who, what, when, where, and how of the fraud alleged." *Omnipol, A.S. v. Multinational Defense Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022).

Lanier is correct that Harris fails to allege facts to support each of the required elements. He does not allege the content of Lanier's alleged misrepresentations, only that the information was "inaccurate." Doc. 26 at 1. He does not allege any intent on Lanier's part to induce him to act, or any justifiable reliance on his part. *Id.* "On its face, [Harris'] complaint fails to allege sufficient facts necessary to support a claim of fraud under Rule9(b)." *Omnipol*, 32 F.4th at 1307. Therefore, Lanier's Motion to Dismiss Harris' fraud claim should be **GRANTED**.

### 2. Willful Negligence

Harris' allegations of negligence state, in their entirety:

> Lanier demonstrated willful negligence by failing to exercise due diligence and care in verifying the accuracy of the

>information it reported to CRAs, despite its legal obligations
>to do so.

Doc. 26 at 1. In moving to dismiss this claim, Lanier argues first, that Harris' state law negligence claim is preempted by the Fair Credit Reporting Act, doc. 27-1 at 3-5, and second, that Lanier owes no duty to Harris such that Harris cannot state a claim for negligence, *id.* at 9-11. Harris does not meaningfully respond to these arguments. *See* docs. 28 & 35.

The FCRA contains two preemption provisions. *See Ammons v. Synchrony Bank*, 2023 WL 2774453, at *1 (S.D. Ga. Apr. 4, 2023) (citing 15 U.S.C. §1681h(e) and § 1681t(b)(1)(F)). Section 1681t(b)(1)(F) applies to "furnishers" of credit information to credit reporting agencies, the role Harris contends Lanier occupies. *See* doc. 26 at 1 (discussing Lanier's "furnishing" or "reporting" information to third-party CRAs). It provides: "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F). The subject matter under § 1681s-2 includes a prohibition against furnishers providing "any information relating to a

12

consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Harris alleges that Lanier "knowingly report[ed] inaccurate and misleading information to CRAs," and "furnish[ed] inaccurate information to third-party Credit Reporting Agencies ("CRAs") without conducting reasonable investigations . . . ." Doc. 26 at 1. This conduct falls within § 1681s-2 as it implicates Lanier's responsibility as a furnisher of information to consumer reporting agencies. As such, it is clear that § 1681t(b)(1)(F) preempts Harris' state law negligence claim. *See Seckinger v. Bank of America, N.A.*, 2017 WL 360924, at *2 (S.D. Ga. Jan. 6, 2017) (dismissing state law claims as preempted by § 1681t(b)(1)(F)); *Ammons*, 2023 WL 2774453, at *2 (holding that § 1681t(b)(1)(F) preempts Plaintiff's state law defamation claim); *Howard v. DirecTV Grp., Inc.*, 2012 WL 1850922 (S.D. Ga. May 21, 2012) (same); *Shenkman v. Ocwen Loan Serv., LLC*, 2014 WL 5791060, at *4 (S.D. Ga. Nov. 6, 2014) (dismissing state law negligence claim as barred by section 1681t(b)(1)(F) of the FCRA). Lanier's Motion to Dismiss should, therefore, be **GRANTED** and Harris' state law negligence claim should be dismissed as preempted by the FCRA.

### 3. Furnishing Inaccurate Information

Harris alleges that Lanier "furnished inaccurate information on consumer reports." Doc. 26 at 1. He also alleges that Lanier furnished this information "without conducting reasonable investigations to ensure the maximum accuracy requirement for credit reporting." *Id.* Lanier construes these limited allegations as attempting to state a claim for violation of the FCRA. Doc. 27-1 at 11. Lanier correctly points out that there is no private right of action for reporting inaccurate information. *Id.* (citing *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008)). Any claim asserted based on a violation of 15 U.S.C. § 1681s-2(a) should, therefore, be dismissed. *See Bennett v. Loancare, LLC*, 2019 WL 3948796, at *2 (S.D. Ga. Aug. 20, 2019). However, as Lanier recognizes in its reply, Section 1681s-2(b) of the FCRA does provide a private right of action. Doc. 31 at 3-4. Therefore, the question is whether Harris has stated a claim under Section 1681s-2(b). *See Chipka v. Bank of America*, 355 F. App'x 380, 383 (11th Cir. 2009) (recognizing the limitation of a consumer's private cause of action against a furnisher of credit information to violations of § 1681s-2(b)).

Under § 1681s-2(b) "furnishers of consumer credit information must . . . verify the sufficiency and accuracy of the information when notified by a consumer reporting agency of a credit-report dispute." *Chipka*, 355 F. App'x at 383 (citing 15 U.S.C. § 1681s-2(b)). For a plaintiff to prevail on a claim pursuant to 15 U.S.C. § 1681s-2(b), the plaintiff must:

> allege and establish that he notified a consumer reporting agency that he disputed the completeness or accuracy of information in his credit report that was furnished by defendant, the credit reporting agency gave notice of plaintiff's dispute to defendant as a furnisher, and defendant did any one of the following: (1) failed to conduct a reasonable investigation of the identified dispute(s); (2) failed to review all relevant information provided by the credit reporting agency; (3) failed to report the results of its investigation to the credit reporting agency; or (4) if an item of information disputed by plaintiff was found to be inaccurate, incomplete, or it could not be verified after any reinvestigation, failed to modify, delete, or permanently block the reporting of that item of information.

*Bennett*, 2019 WL 3948796, at *2-*3 (S.D. Ga. Aug. 20, 2019) (quoting *Taylor v. Ga. Power Co.*, 2016 WL 627352, at *4 (S.D. Ga. Feb. 16, 2016)).

Lanier argues that Harris fails to state a claim under the FCRA because he does not "allege that Lanier failed to conduct a reasonable investigation after it received a dispute from a CRA." Doc. 31 at 4. Lanier is right; the Amended Complaint is devoid of any allegation that Lanier

15

ever received a dispute from a CRA. *See generally* doc. 26. His response to Lanier's Motion to Dismiss appears to positively contradict any allegation that he could raise, since he argues Lanier "failed to do due diligence to verify and validate the alledged [sic] amounts *before* furnishing information on consumer reports." Doc. 28 at 1 (emphasis added).[2] While that might be sufficient to state a violation of § 1681s-2(a), it is not sufficient to state a claim for violation of § 1681s-2(b). *Bennett*, 2019 WL 3948796, at *2-*3. Lanier's Motion to Dismiss should, therefore, be **GRANTED, in part,** as to Harris' FCRA claims.

### 4. Unauthorized Handling of Personal and Private Information

Harris alleges that Lanier "does not possess the required medical health certifications to handle personal and private health information," which demonstrates Lanier's "negligence in handling sensitive data." Doc. 26 at 1. Lanier construes the claim as arising under the Health

---

[2] Plaintiff's sur-reply argues that he "notified Equifax (CRA) that each account is Disputed by Consumer." Doc. 35 at 1. Harris has already been warned that he cannot amend his pleading by briefs in opposition to Lanier's Motion to Dismiss, and that the Court cannot "cobble together allegations spread across multiple documents." Doc. 25 at 5. Even if the Court were to accept his argument as a proper allegation, it would not change the analysis, since to allege a claim under § 1681s-2(b) he must also allege that "the credit reporting agency gave notice of plaintiff's dispute to defendant as a furnisher," and that the defendant then failed to act. *Bennett*, 2019 WL 3948796, at *2-*3.

16

Insurance Portability and Accountability Act of 1996, or "HIPAA." Doc. 27-1 at 11-12. It argues HIPAA does not provide a private right of action, and therefore Harris' claim should be dismissed. *Id.* In response, Harris acknowledges that he asserts a claim under HIPAA, but also refers to the "Health Information Technology for Economic and Clinical Health (HITECH)." Doc. 28 at 1. In reply, Lanier argues that even if Harris had properly plead a HITECH claim in his Amended Complaint, HITECH does not include a private right of action, either. Doc. 31 at 8.

Lanier is correct—neither HIPAA nor HITECH provide for a private right of action. As this Court has recognized, HIPAA claims "necessarily fail because there is no private right of action under HIPAA." *Frazier v. Se. Ga. Health Sys., Inc.*, 2023 WL 5658976, at *7 (S.D. Ga. Aug. 31, 2023) (collecting cases). So too HITECH, since it is a part of HIPAA. *See Wood, Atter & Wold, P.A. v. Solantic Corp.*, 2019 WL 3229338, at *1 (M.D. Fla. July 18, 2019). Because neither HIPAA nor HITECH offers Harris a private cause of action against Lanier, Lanier's Motion to Dismiss these claims should be **GRANTED, in part**.

## Conclusion

Defendant Lanier's Motion to Dismiss should be **GRANTED**. Doc. 27. Plaintiff's Amended Complaint should be **DISMISSED**. Doc. 26. If the District Judge agrees with this recommendation, Plaintiff's Motion for a Pretrial Conference should be **DISMISSED AS MOOT**. Doc. 29.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 22nd day of August, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA