IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANDRE HARRIS, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-103 |
| v. | |
| LANIER COLLECTION AGENCY & SERVICES, | |
| Defendant. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's August 22, 2024, Report and Recommendation, (doc. 36), to which plaintiff objected, (doc. 38). The Magistrate Judge recommends that the Court grant Defendant's Motion to Dismiss because Plaintiff fails to state any claim. (Doc. 36, pp. 4-17.) The Report and Recommendation found that Plaintiff's "Allegations of Unethical Business Practice" claim, construed as a claim under the Fair Debt Collection Practices Act (FDCPA), fails to include allegations sufficient to state a claim and, even if it did state a claim, it is time barred. (Id., pp. 5-9.) Harris' vague "Fraudulent Activity" claim similarly fails to include sufficient allegations to state a claim for fraud under applicable law. (Id., pp. 9-11.) As for Harris' "Willful Negligence" claim, the Magistrate Judge determined it is preempted by Section 1681t(b)(1)(F) of the Fair Credit Reporting Act (FCRA). (Doc. 36, pp. 11-13.) The Magistrate Judge explained that Harris' FCRA claim, which must be construed as arising under Section 1681s-2(b), fails to include allegations necessary to state a claim. (Doc. 36, pp. 14-16.) Finally, the Magistrate Judge found that Harris' claim,

"Unauthorized Handling of Personal and Private Information," fails because the statutes Harris cites do not support a private right of action.  (Id., pp. 16-17.)

Plaintiff's objection does not identify the portions of the Report and Recommendation to which it objects.  (See generally doc. 38.)  Instead, it asserts that Plaintiff's "case is **JUSTICIABLE** and **RIPE**, as it presents a genuine ongoing controversy suitable for judicial resolution."  (Id., p. 1 (emphasis in original).)  Plaintiff does not acknowledge, much less dispute, the Magistrate Judge's thorough analysis of each of his claims.  (Id.)  He repeats his conclusory allegations that Defendant "report[ed] inaccurate, unverified information to credit bureaus."  (Id.)  For the reasons articulated by the Defendant in its Motion to Dismiss and analyzed by the Magistrate Judge in his Report and Recommendation, Plaintiff's claims all fail, and nothing in his objection alters that analysis.  Therefore, Plaintiff's Objection is **OVERRULED**.  (Doc. 38.)

There is another issue Plaintiff raises in his Objection that must be addressed.  He contends a "federal investigation is warranted due to the seriousness of 'Lanier's' actions."  (Doc. 38, p. 1.)  Plaintiff, as a private citizen, cannot initiate or pursue a criminal action against anyone in his own name, and he has no right to demand that an investigation be instituted by the responsible authorities.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (holding that citizens lack standing to contest a prosecutor's decision to prosecute, or not to prosecute, some other individual); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution"); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (holding that there is no enforceable right as a member of the public at large to have other individuals prosecuted).  Moreover, any direction from this Court to an agency of the Executive Branch to initiate an administrative "investigation," or other enforcement action, would likely violate the

2

Constitution's separation of powers.  See, e.g., Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379-80 (2d Cir. 1973).

Accordingly, the Court **ADOPTS** the Report and Recommendation as its opinion.  (Doc. 36.)  Defendant Lanier Collection Agency & Services' Motion to Dismiss is **GRANTED**.  (Doc. 27.)  Plaintiff's Amended Complaint is **DISMISSED**.  (Doc. 26.)  Plaintiff's Motion for Hearing for Pretrial Conference, (doc. 29), and Motion for Informal Discovery Dispute Conference, (doc. 37), are **DISMISSED AS MOOT**.  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 6th day of September, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA